UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EUGENE BLACKMON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-08-26 |
| | § | |
| B CHANEY, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Correctional Institutions Division's Garza East Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction in the 208th Judicial District Court in Harris County, Texas for burglary of a building. (D.E. 1, at 2). He alleges that his conviction was improper due to a fundamentally defective indictment. Id. at 6. In Ground One, he claims that the prosecution failed to comply with a court order to amend the defective indictment. Id. at 7. In Ground Two, he claims that the trial court lacked jurisdiction to try his case because of the defective indictment. Id. In Ground Three, he claims that the indictment failed to name petitioner as defendant and that the trial court improperly changed the name in the indictment. Id.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the

implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted on June 22, 1988 in the 208th Judicial District Court in Harris County, Texas, (D.E. 1, at 2), which is located in the Houston Division of the Southern District of Texas. See 28 U.S.C. § 124(b)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district or division for disposition. See 28 U.S.C. § 1404(a). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Southern District of Texas, Houston Division.

SIGNED and ORDERED this 25th day of January, 2008.

_____
Janis Graham Jack
United States District Judge